UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

GREG HUDSON and
RENEE HUDSON,
    Plaintiffs,
-vs.-                                    **DEMAND FOR JURY TRIAL**

DYNAMIC RECOVERY SERVICES, LLC,
a Michigan limited liability company, and
JOHN DOE, a/k/a AGENT BRYANT,
jointly and severally,
    Defendants.
_____

# COMPLAINT & JURY DEMAND

Plaintiffs, Greg Hudson and Renee Hudson through counsel, Nitzkin and Associates, by Gary Nitzkin state the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendants to this lawsuit are:

    a. Dynamic Recovery Services, LLC ("DRS"), which is a Michigan company that maintains registered offices in Calhoun County;

    b. John Doe, who visited the homes of Plaintiff Greg Hudson and his mother identifying himself as "Agent Bryant" as described below, is, upon information and belief, employed by Defendant Dynamic recovery services, LLC; and

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. American Honda Finance ("AHF") is attempting to collect on a consumer type debt allegedly owed by Plaintiff, Renee Hudson, for the purchase of an automobile.

7. Upon information and belief, AHF hired DRS, as an independent contractor, to seize an automobile from Plaintiff Renee Hudson.

8. Plaintiff, Greg Hudson, is not obligated on this alleged debt.

9. Upon information and belief, John Doe, a/k/a "Agent Bryant," is an agent or employee of co-Defendant DRS.

10. On or about November 7, 2011, John Doe, while acting on behalf of his principal, DRS and within the scope of his authority and agency, went to Greg Hudson's mother's house in connection with the collection of a consumer type debt.

11. While there, he met with Greg Hudson and his mother.

12. John Doe misrepresented Mrs. Hudson and her son that there was an "arrest warrant and replevin" out for Plaintiffs.

13. John Doe wore a shirt that gave the impression that he was an officer of the law.

14. Mrs. Hudson opened her door to John Doe, falsely believing that he was a police officer.

15. On or about November 8, 2011 at 6:50 a.m., John Doe, while acting on behalf of his principal, DRS, and within the scope of his authority and agency, visited the Plaintiffs' house.

16. Renee Hudson was not present at that time, however, her husband, Greg Hudson, was.

17. John Doe again misrepresented to Mr. Hudson that there were warrants out for the arrest of both Plaintiffs.

18. Mr. Hudson told John Doe that he is not obligated on the alleged debt.

19. Mr. Hudson even showed John Doe the contract between his wife and Honda Finance.

20. John Doe responded by telling Greg that he will have to take that up with Honda Finance.

21. John Doe handed Greg a yellow card, which does not provide the company name. The card merely states, "Please call John immediately at 866-325-2986. The back of the card says "Agent Bryant 248-790-5130."

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiffs reincorporate the preceding allegations by reference.

23. At all relevant times, all Defendants, in the ordinary course of their respective businesses, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

24. Each Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

25. Each Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

26. Each of the Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

27. The Plaintiffs have each suffered damages as a result of these violations of the FDCPA.

## COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiffs reincorporate the above referenced paragraphs as if recited verbatim.

29. Defendants John Doe and DRS's pattern of making material misrepresentations to Greg Brown personally and in front of his mother that an arrest warrant has been issued against him and his wife, was done for the sole purpose of intimidating, bullying, embarrassing and humiliating the Plaintiffs.

30. The Defendants' conduct in this regard is extreme and outrageous.

31. The Defendants had no legal basis for making the materially false misrepresentations, especially to third parties as they have.

2:11-cv-15484-BAF-MJH   Doc # 1   Filed 12/15/11   Pg 5 of 6   Pg ID 5

32. The Defendants' conduct, jointly and severally, in making these materially false representations was intentional and deliberately calculated to embarrass the Plaintiffs and inflict emotional distress upon them.

33. The Defendants' conduct goes beyond all possible bounds of decency and is utterly intolerable in a civilized community and have caused the Plaintiffs emotional harm and damage.

34. Defendant DRS is liable for the acts, torts and violations perpetrated by its agent, John Doe, consistent with the doctrine of Respondeat Superior.

### COUNT III – INVASION OF PRIVACY – PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS.

35. Plaintiffs reallege the above paragraphs as if recited verbatim.

36. The Defendants' disclosure of a debt allegedly owed by Plaintiff Renee Hudson ("the Disclosed Information") to third parties is highly offensive to the Plaintiffs and would be offensive to a reasonable person.

37. The Disclosed Information is of no legitimate concern to the public.

38. The Disclosed Information was not a matter of public record or otherwise previously exposed to the public eye.

39. The Defendants' conduct in contacting third parties and disseminating the Disclosed Information was intentional and deliberately calculated to embarrass the Plaintiffs and inflict emotional distress upon them.

40. As a direct and proximate cause of the Defendant's invasion of the Plaintiff's privacy, the Plaintiffs have suffered emotional damages, costs, interest and attorneys' fees.

5

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

e. Exemplary damages.

Respectfully submitted,

December 13, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email –gnitzkin@creditor-law.com