UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

GREG HUDSON and
RENEE HUDSON,

    Plaintiffs,                        File No.:  2:11-cv-15484

Vs.

DYNAMIC RECOVERY SERVICES, LLC,
A Michigan limited liability company, and
TERRANCE BRYANT,
jointly and severally,

    Defendants.

| Gary D. Nitzkin (P41155) | Paul K. Beardslee (P42177) |
|---|---|
| Attorney for Plaintiffs | Attorney for Defendants |
| 22142 West Nine Mile Road | 206 S. Kalamazoo Avenue |
| Southfield, MI  48033 | Marshall, MI  49068 |
| (248) 353-2882 | (269) 781-5193 |

**ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

    Now come Dynamic Recovery Services, LLC and John Doe a/k/a Agent Bryant, by and through their attorney, Paul K. Beardslee and answer as follows.

1. Admit that the Court has jurisdiction over the Fair Debt Collection Practices Act ("FDCPA") claims but Plaintiffs have failed to state such a claim versus defendants.

2. Admit the allegations contained in paragraph #2.

3.
    a. Admit the allegations of this paragraph.

    b. Defendants admit that Terrence Bryant went to the Plaintiff's address.  However, defendants neither admit nor deny that Defendant Bryant is "employed" by Defendant Dynamic Recovery Services as that appears to state a conclusion of law, not an allegation of fact, for which no answer is required.

4. Neither admit nor deny the allegations contained in paragraph #4.

5. Neither admit nor deny the allegations contained in paragraph #5.

6. Defendants neither admit nor deny the allegations regarding American Honda Finance.

7. Defendant Dynamic Recovery Service admits that it has been requested by American Honda Finance to repossess a 2010 Honda Accord leased to Plaintiff Renee Hudson.

8. Neither admit nor deny the allegations contained in paragraph #8.

9. Defendant Dynamic Recovery Service admits that Terrence Bryant is an agent of Dynamic Recovery Service.

10. Defendants admit that on November 7, 2011 Defendant Bryant went to 16204 Griggs in the City of Detroit attempting to locate the 2010 Honda Accord that was leased to Plaintiff Renee Hudson.  While there he spoke briefly with an unidentified woman.  Defendants deny the allegation that Defendant Bryant was at that location "in connection with the collection of a consumer type debt" because the allegation is untrue.  Defendants neither admit nor deny the remaining allegations, as they appear to state conclusions of law, not allegations of fact, for which no answer is required.

11. Defendants admit that on November 7, 2011 Defendant Bryant spoke briefly with an unknown woman at 16204 Griggs.  Defendants neither admit nor deny that Defendant Bryant spoke with Greg Hudson's mother for lack of information upon which to form a belief.  Defendants deny that Defendant Bryant "met with Greg Hudson".

12. Defendants deny the allegations contained in paragraph 12 of the complaint because they are untrue.

13. Defendants admit that Defendant Bryant wore a shirt on November 7, 2011.  Defendants deny that a reasonable person would reach the conclusion from Defendant Bryant's shirt that he was an officer of the law.

14. Defendants admit that the unidentified woman opened her door.  By further answer the Defendants assert that the opening of the door was in response to Defendant Bryant's knocking on the door.  Defendants neither admit nor deny the allegation regarding the beliefs of "Mrs. Hudson", for lack of information upon which to form a belief.

15. Defendants deny that Defendant Bryant appeared at the Plaintiffs' house at 6:50 a.m. because it is untrue.  Defendants admit the remaining allegations contained in paragraph 15.

16. Defendants neither admit nor deny that Renee Hudson was not present when Defendant Bryant went to the Plaintiffs' address for lack of information upon which to form a belief.  Defendants admit that Plaintiff Greg Hudson was present.

17. Defendants deny the allegations contained in paragraph 17 of the complaint because they are untrue.

18. Defendants deny the allegations contained in paragraph 18 of the complaint because they are untrue.

19. Defendants deny the allegations contained in paragraph 19 of the complaint because they are untrue.

20. Defendants deny the allegations contained in paragraph 20 of the complaint because they are untrue.

21. Defendants admit the allegations contained in paragraph 21.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

22. No answer needed.

23. Defendants DENY the allegations contained in paragraph 23 because they are untrue.

24. Defendants neither admit nor deny the allegations contained in paragraph 24 for lack of information upon which to form a belief.

25. Defendants DENY the allegations contained in paragraph 25 because they are untrue.

26. Defendants DENY the allegations contained in paragraph 26 because they are untrue.

27. Defendants DENY the allegations contained in paragraph 27 because they are untrue.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. No answer needed.

29. Defendants DENY that Defendant Bryant or Defendant Dynamic Recovery System, LLC has made any misrepresentation to Greg Brown, in or out of the presence of anyone. By way of further answer, Defendants have no knowledge of any person named Greg Brown.  Defendants DENY the remaining allegations contained in paragraph 29 because they are untrue.

30. Defendants DENY engaging in the conduct referenced in paragraph 30.  Defendants neither admit nor deny the allegations of "extreme and outrageous" because they are legal conclusions and not factual allegations that require a response.

31. Defendants DENY the allegations that Defendant Bryant or Defendant Dynamic Recovery System, LLC made any misrepresentations to or about the Plaintiffs.

32. Defendants DENY the allegations that Defendant Bryant or Defendant Dnynamic

Recovery System, LLC made any misrepresentations to or about the Plaintiffs. Defendants neither admit nor deny the remaining allegations of paragraph 32 because they appear to state conclusions of law, not allegations of fact, for which no answer is required.

33. Defendants neither admit nor deny the allegations contained in paragraph 33 because they appear to state a conclusion of law, not allegations of fact, for which no answer is required.

34. Defendants DENY the allegations contained in paragraph 34 because they appear to state conclusions of law, not allegations of fact, for which no answer is required.

COUNT III Invasion of Privacy – Public Disclosure of Embarrassing Private Facts

35. No answer is needed.

36. Defendants DENY that they disclosed anything regarding Plaintiff Renee Hudson because they are untrue. Defendants neither admit nor deny the remaining allegations in paragraph 36 because they appear to state conclusions of law, not allegations of fact, for which no answer is required.

37. Defendants deny that they disclosed anything regarding Plaintiff Renee Hudson to "the public". Defendants deny the remaining allegations of paragraph 37 because they are untrue.

38. Defendants deny that they disclosed any information related to Plaintiff Renee Hudson to anyone. Defendants deny that any disclosure to the Plaintiffs would constitute a disclosure to "the public".

39. Defendants deny that they disclosed any information related to Plaintiff Renee Hudson to anyone. Defendants deny that any disclosure to the Plaintiffs would constitute a disclosure to "the public".

40. Defendants neither admit nor deny the allegations contained in paragraph 40 because they appear to state conclusions of law, not allegations of fact, for which no answer is required.

WHEREFORE Defendants request that Plaintiff's Complaint be dismissed and Defendants be granted their attorney fees.

Dated: 02/24/2012                                                  /s/ Paul K. Beardslee
                                                                              Paul K. Beardslee (P42177)

AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim for which relief can be granted and Defendant is entitled to a Judgment of no cause of action as a matter of law.

2. Plaintiffs have filed to mitigate their damages.

3. The Court lacks subject matter jurisdiction in this matter, because the federal statute upon which the plaintiffs rely does not apply to this Defendant.  The Court further lacks ancillary and/or pendent jurisdiction over the remaining allegations.  The Defendant therefore puts the Plaintiffs on notice of its intent to move for a dismissal pursuant to FRCP 12(b)(6).

4. Plaintiffs have failed to state any statutory or common law duty, which this defendant has in fact breached.

5. Defendant relies upon compliance with the standards and practices of businesses or organizations of its type, and that it acted in conformity with a standard of reasonable care and prudence during all times relevant to this cause.

6. There existed no actual or proximate casual relationship between the actions of the Defendant and Plaintiffs' claimed damages.

7. Defendant hereby reserves the right to plead and prove such additional special and affirmative defenses as may be found applicable during the course of litigation of this cause.

Dated: 02/24/2012                                          /s/ Paul K. Beardslee
                                                                       Paul K. Beardslee (P42177)

Prepared February 24, 2012
By:  Beardslee Law Offices
206 S. Kalamazoo Avenue
Marshall, Michigan 49068
(269) 781-5193